I concur with the majority but wish to clarify my position regarding the admissibility of the results of the appellant's Breathalyzer test. The majority relies on Rocky River v. Papandreas (Mar. 23, 2000), Cuyahoga App. No. 76132, unreported, 2000 Ohio App. LEXIS 1170, to support the admissibility of that test. As I stated in my dissent in Papandreas, I have no disagreement with admitting a test result when the procedure by which the result was obtained was in at least substantial compliance with the applicable regulations and any deviation from the regulations did not compromise the integrity of the test results. Id. at *16-17.
This case differs from Papandreas because the test results relied on in that case were obtained by a method which clearly had been shown to be unreliable. I stated in that case that it was unfair to admit results from a procedure that is now recognized as deficient by scientific standards * * *. Id. at 16. In the instant case, there is no evidence to show that the results of the breathalyzer test administered to Minello were not reliable. In fact, as the majority points out, the limited data available to the Department of Health suggested that batch 96130 had a `significantly longer stability' than the proposed expiration date. The Department of Health noted it suggested discarding the solution `in order to be consistent' with the proposed regulation. Majority Opinion at 8. The appellant provided no evidence that the test results were unreliable because of the batch of testing solution used. Unlike Papandreas, which presented expert testimony regarding why the test results were unreliable, Minello only argued that because the regulation had ordered the solution to be discarded, the test results should be suppressed. Absent evidence of the type presented in Papandreas, which showed the test results to be unreliable, it is not necessary to eliminate these test results, because the order issued by the Department of Health was issued for consistency, not accuracy.